In the Matter of the WELFARE OF BABY GIRL SUCHY, a. k. a. Rebecca Suchy, a. k. a. LuAnn Michelle Suchy.

No. 49373.

Supreme Court of Minnesota.

July 20, 1979.

Kelley, Torrison & O'Neill and Timothy J. Dwyer, St. Paul, for appellant.

Tom W. Foley, County Atty., and Kathleen R. Gearin, Asst. County Atty., St. Paul, for Ramsey County Welfare Dept.

Arthur W. Cheney, St. Paul, for the Child.

Heard before SHERAN, C. J., SCOTT and MAXWELL, JJ., and considered and decided by the court en banc.

SHERAN, Chief Justice.

This is an appeal by Cindy Ann Suchy from the termination of her parental rights regarding Baby Girl Suchy on May 19, 1978. We affirm.

Ms. Suchy is soon to be released from a prison term for attempted murder in the second degree of this child. The circumstances of this crime led to a finding on July 5, 1977, that the baby girl was a neglected and dependent child within the meaning of Minn.St. 260.015. Ms. Suchy has been continually incarcerated since that time, and the child has been in foster care under the custody of the Ramsey County Welfare Department. On February 22, 1978, the Department petitioned for termination of parental rights under Minn.St. 260.221 in order to permit long-term planning for the child. Four experts, including one called by Ms. Suchy, testified at the termination hearing. Their diagnoses were different, but there was general agreement that Ms. Suchy is not now and would not in the foreseeable future be a satisfactory parent.

Relying on dicta in our prior cases, Ms. Suchy claims the record here is insufficient to support termination. It is contended that termination requires evidence of actual parental conduct subsequent to the determination of neglect and dependency, whereas in this record there is only evidence of the incident giving rise to the neglect and dependency determination and evidence regarding Ms. Suchy's current mental condition. This argument disregards the unique facts of this case, which make it incumbent upon the trial judge to consider the events giving rise to neglect and dependency. There is abundant uncontradicted evidence in this record that the mental condition which resulted in attempted murder of the child will persist in the foreseeable future.

Of the arguments made for reversal, the one impressing itself upon the court was that further psychiatric evaluations conducted after Ms. Suchy's release from prison may more accurately reflect her true mental condition than those relied upon now for termination. However, weighing the prospect of a significantly different evaluation in the foreseeable future against the immediate need for a permanent home for the child, we have concluded that to remand for further evaluation would serve no useful purpose.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.